Eastern District of Kentucky
F I L E D
DEC 20 2019
AT LEXINGTON
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF KENTUCKY

| | |
|---|---|
| JOHN DOE, ) | |
| ) | Case No: 5:19-cv-497-KKC |
| Plaintiff, ) | |
| ) | |
| v. ) | JUDGE: |
| ) | |
| KENTUCKY COMMUNITY COLLEGE ) | |
| & TECHNICAL SYSTEM, et al., ) | |
| ) | |
| Defendant. ) | |

**PLAINTIFF'S MOTION FOR PERMISSION TO PROCEED UNDER PSEUDONYMS**

### I. INTRODUCTION

Plaintiff John Doe, by and through undersigned counsel, Eric F. Long, of Friedman & Nemecek, L.L.C. respectfully requests that this Honorable Court enter an Order permitting Plaintiff to proceed under pseudonym in all matters relating to the instant case. John Doe, a former faculty member at Kentucky Community and Technical College System (hereinafter "KCTCS"), files this Motion to proceed under a fictitious name in his Complaint and all other filings in the case to maintain and protect his privacy and reputational interests as he seeks redress against KCTCS for its mishandling of allegations of sexual misconduct against him by two female students at the KCTCS. John Doe, despite his lack of knowledge of the identities of his accusers would also seek to maintain their privacy by identifying his accusers' privacy by referring to them as "Jane Doe" and "Jane Roe" or alternative names to avoid confusion.

All of John Doe's causes of action arise from KCTCS's conduct in the course of a confidential disciplinary investigation and adjudication proceeding, and involve highly sensitive personal matters, including allegations of sexual misconduct. In bringing this suit, John Doe seeks

to clear his name. KCTCS is fully aware of the actual identities of the individuals and, as elaborated below, will not be prejudiced in any way by the use of these pseudonyms for the filings in the case.

## II. FACTUAL BACKGROUND

The facts underlying the lawsuit are set forth in detail in John Doe's Complaint, filed contemporaneously with this Motion, and will not be repeated here. To briefly summarize, John Doe filed this action for injunctive relief and damages arising out of conduct of KCTCS' disciplinary process and the Defendants' decision to terminate John Doe's employment.

## III. LAW AND ARGUMENT

Although Fed.R.Civ.P. 10(a) requires that a complaint name all parties, courts have the authority to allow the use of pseudonyms in certain judicial proceedings. *Doe v. Harlan Cnty. Indep. Sch. Dist.*, 96 F.Supp.2d 667, 670 (2000) (citing *Doe v. Shakur*, 164 F.R.D. 359, 360 (S.D.N.Y. 1996)). Courts have permitted the use of a pseudonym where an individual's privacy interest substantially outweighs the presumption of open judicial proceedings. *K.G. v Bd. of Educ. of Woodford Cnty., Ky.*, No. 5:18-cv-555-JMH, 2019 WL 4467638, slip op. at *2 (E.D. Ky. Sept. 8, 2019) (citing *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004)). It is left to the discretion of the district court whether to permit parties to proceed anonymously. *Porter*, 370 F.3d at 560.

Courts have avoided implementing a bright line test and instead focus on analyzing numerous factors when considering a party's request to proceed under a pseudonym. These factors include, but are not limited to: (1) whether the plaintiff is challenging governmental activity; (2) whether the prosecution of the suit will compel the plaintiffs to disclose information of the utmost intimacy; (3) whether the plaintiff would be compelled to disclose an intention violate the law, thereby risking criminal prosecution; (4) whether the plaintiffs are children. *Porter*, 370 F.3d at

2

560 (6th Cir. 2004) (citing *Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)); *K.G. v Bd. of Educ. of Woodford Cnty., Ky.*, No. 5:18-cv-555-JMH, 2019 WL 4467638, slip op. at *2.

Other courts have considered similar factors. For example, in *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185 (2d Cir. 2008), the Second Circuit set forth a non-exhaustive list of factors to conduct this analysis that closely mirrors the factors articulated in *Porter:* (1) whether the litigation involves matters that are highly sensitive and of a personal nature; (2) whether identification poses a risk of retaliatory physical or mental harm to the party seeking to proceed anonymously or even more critically, to innocent non-parties; (3) whether identification presents other harms and the likely severity of those harms, including whether the injury litigated against would be incurred as a result of the disclosure of the plaintiff's identity; (4) whether the plaintiff is particularly vulnerable to the possible harms of disclosure, particularly in light of his age; (5) whether the suit is challenging the actions of the government or that of private parties; (6) whether the defendant is prejudiced by allowing the plaintiff to press his claims anonymously, whether the nature of that prejudice (if any) differs at any particular stage of the litigation, and whether any prejudice can be mitigated by the district court; (7) whether the plaintiff's identity has thus far been kept confidential; (8) whether the public's interest in the litigation is furthered by requiring the plaintiff to disclose his identity; and (9) whether, because of the purely legal nature of the issues.

Courts across the country have allowed plaintiffs who have brought claims against colleges and universities stemming from investigations of sexual misconduct to proceed anonymously, and a substantial number of colleges and universities have recognized this substantial privacy right by not opposing student-plaintiffs' motion to proceed anonymously. *See, e.g., Doe v. Alger,* 317 F.R.D. 37, 42 (W.D. Va. Mar. 31, 2016) (holding plaintiffs "privacy interest outweighs the presumption of the openness of judicial proceedings"); *Doe v. Columbia Univ.,* 101 F. Supp. 3d

3

356, 360 n. 1 (S.D.N.Y. 2015) ("Columbia consented to Plaintiff's request to proceed pseudonymously in light of the sensitive subject matter and the age of the students involved."); *Doe v. Univ. of the South,* 687 F. Supp. 2d 744, 764 (E.D. Tenn. 2009) (upholding the magistrate's order granting motion to proceed under pseudonym in a case where plaintiff, a college male, was found responsible for sexually assaulting a female classmate); *Doe v. Colgate Univ.,* No. 5:15-cv-1069 (LEK/DEP), 2016 U.S. Dist. LEXIS 48787, at *5 (N.D.N.Y. Apr. 12, 2016) (holding that student bringing suit against his university challenging its investigation and finding of sexual misconduct can proceed anonymously after balancing all pseudonym factors); *Doe v. Brandeis,* No. 1:15-cv-11557-FDS (D. Mass. June 17, 2015) (permitting use of pseudonym after weighing factors because student- plaintiff could be subject to "social stigmatization" if his identity were disclosed in lawsuit against university which found him responsible for sexual misconduct); *Doe v. Swarthmore Coll.,* No. 2:14-cv-00532-SD (E.D. Pa. Jan. 29, 2014) (granting motion to proceed under pseudonym and finding the student-plaintiffs application of pseudonym factors to his case "compelling").

## The Factors Used to Determine Whether to Permit Filing Under a Fictitious Name Heavily Weigh in John Doe's Favor

Even a cursory review of the above factors suggest that Plaintiff ought to be afforded the opportunity to proceed anonymously via the use of a pseudonym. Plaintiff, along with the female complainants in the underlying disciplinary proceeding, has a substantial privacy right that outweighs the public's interest in access to identities of litigants and the customary presumption of openness in judicial proceedings. Because this case seeks redress for the Community College's mishandling of sexual misconduct allegations against John Doe, he has a reasonable fear that he will suffer retaliation, social stigmatization and reputational harm if he is denied the opportunity to pursue this action without a pseudonym.

4

Additionally, there is no risk of prejudice to the Defendants. Defendants know the true identities of the individuals involved, and all of John Doe's filings in the case will be publicly available. Only his name and those of his accusers will be shielded from public disclosure. Indeed, permitting John Doe to use these pseudonyms will further Defendants' interest in maintaining the confidentiality of its disciplinary proceedings, particularly in the context of investigations into charges of sexual misconduct, like those leveled against John Doe in the underlying proceeding. Although the public has a legitimate interest in the legal issues John Doe raises in his Complaint, including issues of fairness, gender discrimination, and contractual obligations owed by colleges to accused faculty members in disciplinary proceedings involving sexual misconduct allegations, the actual identities of the individuals are of minimal importance to the public. John Doe is not a public figure and has maintained the confidentiality of his identity.

In the age of the Internet, John Doe's name would be forever related to the underlying charges of sexual misconduct, regardless of the ultimate outcome of this lawsuit. Additionally, if John Doe's identity is made public, he will almost certainly be severely hampered in his future employment opportunities. *See, e.g., Brandeis.,* 2016 U.S. Dist. LEXIS 43499, at *93 ("A finding of responsibility for sexual misconduct can also have significant consequences off-campus. Post-graduate educational and employment opportunities may require disclosure of disciplinary actions taken by a student's former educational institution.") Under such circumstances, pseudonymous litigation is necessary and appropriate, and no other measure would accomplish such purpose.

Although there is a public interest in the *legal issues* raised in John Doe's Complaint - and in similar complaints brought by accused faculty members have been forced (like John Doe) to assert their rights in the courts against wrongful faculty disciplinary actions - the public has little interest in knowing, and no compelling need to know, the actual identities of the student-litigants

5

and their accusers. John Doe only seeks to protect his identity and the identity of his accusers. All filings submitted to the Court will be a matter of public record and will be available for public review.

Finally, John Doe may be deterred from pursuing his case in court if the price he must pay is being publicly identified. There is no alternative mechanism outside of the Court's permission to proceed anonymously to protect John Doe's confidentiality. Maintaining the anonymity of John Doe is imperative to maintaining the anonymity of all those involved in his case. The impact of this chilling effect may also deter other similarly situated individuals - including those who have been falsely accused of sexual misconduct and unfairly adjudicated by their colleges and universities - who turn to the courts as their last best hope to vindicate their rights. Courts have determined that there is a substantial public interest in ensuring that cases involving important issues like those in John Doe's case are adjudicated without the risk of stigmatization. Therefore, this factor weighs in John Doe's favor.

## IV. CONCLUSION

In order to challenge the KCTCS' conduct and disciplinary policies, it is imperative that Plaintiff be able to maintain his anonymity. One of the primary factors in filing this lawsuit is to ensure that he maintains a good name in the community and is not unfairly branded as one who engaged in inappropriate comments and actions towards female students, particularly in today's political and social climate. For all of the reasons discussed above, Plaintiff John Doe respectfully requests that this Court grant Plaintiff's Motion for Permission to Proceed Under Pseudonyms during the duration of the instant litigation.

Respectfully submitted,

/s/ Eric F. Long
Eric F. Long
Friedman & Nemececk, L.L.C.
1360 E. 9th Street, Suite 650
Cleveland, Ohio 44114
T: (216) 928-7700
F: (216) 820-4659
E: efl@fanlegal.com

Attorney for Plaintiff (appearing pursuant to a pending *Pro Hac Vice* Motion.)